**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**JEREMIAH SHERROD**                                                   **PLAINTIFF**

**V.**                       **CASE NO. 1:18-CV-00099-JTK**

**ANDREW SAUL,
Commissioner of Social Security Administration**[1]              **DEFENDANT**

**ORDER**

**I.**    **Introduction:**

Plaintiff, Jeremiah Sherrod ("Sherrod"), applied for disability benefits on October 3, 2016, alleging a disability onset date of February 26, 2014. (Tr. at 12). The claim was denied initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Sherrod's application. (Tr. at 27). The Appeals Council denied his request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Sherrod has requested judicial review.

For the reasons stated below, the Court[2] reverses the ALJ's decision and remands for further review.

**II.**    **The Commissioner's Decision:**

The ALJ found that Sherrod had not engaged in substantial gainful activity since the amended alleged onset date of August 15, 2015. (Tr. at 14). The ALJ found, at Step Two of the sequential five-step analysis, that Sherrod had the following severe impairments: lumbar spondylosis, asthma, irritable bowel syndrome, attention deficit hyperactivity disorder (ADHD),

---

[1] On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

[2] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

anxiety, depression, and obesity. *Id*.

At Step Three, the ALJ determined that Sherrod's impairments did not meet or equal a listed impairment. (Tr. at 15). Before proceeding to Step Four, the ALJ determined that Sherrod had the residual functional capacity ("RFC") to perform work at the sedentary level, with additional limitations. (Tr. at 17). He could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. *Id*. He could frequently handle and finger. *Id*. He would need to avoid concentrated exposure to dust, odors, gases, fumes, and extreme temperatures. *Id*. He would be limited to unskilled work with only occasional contact with supervisors, coworkers, and the general public. *Id*.

The ALJ found that Sherrod was unable to perform any past relevant work. (Tr. at 23). Next, the ALJ relied on the testimony of a Vocational Expert ("VE") to find that, considering Sherrod's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that he could perform. (Tr. at 25). Therefore, the ALJ found that Sherrod was not disabled. *Id.*

### III. Discussion:

    A. Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means less than a preponderance but more than a scintilla. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). In other words, it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* (citation omitted). The Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary

outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

B. Sherrod's Arguments on Appeal

Sherrod contends that substantial evidence does not support the ALJ's decision to deny benefits. He argues that the ALJ erred in his RFC determination and improperly disregarded the treating physician opinions that Sherrod had severe mental limitations. The Court agrees with Sherrod that the ALJ did not give proper weight to the psychiatric professional opinions, so reversal is required.

Sherrod required inpatient hospitalization for suicidal ideations, depression, and anxiety. He sought regular outpatient therapy and psychiatric services and was compliant with psychotropic medications. Those medications did not always help, and he regularly appeared unkempt and irritable, and anxious. (Tr. at 59, 1180-1192). Five treating providers opined that Sherrod would be significantly limited by mental illness.

Notes from Dayspring Behavioral Health showed a serious mental illness with little improvement, that would interfere with daily functioning. (Tr. at 606-629). In August 2016, Dawn Pettit, LCSW, opined that "given Jeremiah's poor social skills, poor emotional regulation, and anxiety, [he] would struggle in most work environments and would not do well…Additionally, an attempt to work with a resulting failure in being able to do so would most likely increase depression and confirm for him negative core beliefs he currently holds." (Tr. at 595). That same month, Rebecca Burke, APRN, stated that Sherrod continued to be depressed, was significantly impaired due to depression, and had a poor prognosis for functional recovery. (Tr. at 596). She continued

3

by saying that functioning in a work environment without loss of days was not a possibility. *Id*. He had poor focus, concentration, flashbacks of abuse, social isolation, inability to follow simple instructions, severe insomnia, irritable behavior, and anger outbursts. *Id*.

Dr. Mary Anderson, M.D., stated that Sherrod was unable to work due to pain and mental disorders. (Tr. at 721). Throughout 2017, treatment notes showed minimal progress, with significant mood and anxiety symptoms that interfered with daily functioning. (Tr. at 1180-1193). In November 2017, Dana Ingram, LPC, found that Sherrod was markedly limited in his ability to sustain an ordinary routine without special supervision, to accept instructions and respond appropriately to criticism from supervisors, and to get along with coworkers or peers without distracting them or exhibiting behavior extremes. (Tr. at 1272-1273). He had moderate limitations in the rest of the basic work functions. *Id*.

Dr. Robin Kerr, APRN, completed a medical source statement in December 2017 stating that Sherrod was incapable of maintaining a regular work schedule. (Tr. at 1290-1291). She said he would have a decreased ability to concentrate and persist and would need to be redirected if required to do work tasks. *Id*. When Sherrod cried at his hearing, it was clear that stress and contact with others significantly compromised him. (Tr. at 59).

It is the ALJ's function to resolve conflicts among the various treating and examining physicians. *Wagner v. Astrue*, 499 F.3d 842, 848 (8th Cir. 2007). He may consider length or treatment, the doctor's specialty, response to treatment, and consistency with other evidence of record. In this case, multiple treating providers opined that Sherrod would have marked difficulty finding and maintaining employment. Even while the ALJ admitted that "mental status examinations of record noted consistent anxious and depressed mood with agitation" (Tr. at 22),

4

she cited some improvement in condition in the latter part of the relevant time-period to support her assignment of little weight to the treating physician opinions. Given the unpredictable course of mental illness, "symptom-free intervals and brief periods of improvement are generally of uncertain duration and marked by the impending possibility of relapse." *Andler v. Chater*, 100 F.3d 1389, 1393 (8th Cir. 1996). The longitudinal symptomology requiring multiple inpatient hospitalizations showed that Sherrod met the severity and durational requirement to prove his disability.

**IV.　Conclusion:**

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. The ALJ should have given more weight to the multiple treating provider opinions, which stated that Sherrod was seriously limited by mental illness. The decision is hereby reversed and the case remanded with instructions for further review.

IT IS SO ORDERED this 24th day of January, 2020.

_____
UNITED STATES MAGISTRATE JUDGE